# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ALPHONZE MOODY,

    Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC, and FIFTH THIRD BANK,
NATIONAL ASSOCIATION,

    Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ALPHONZE MOODY ("Plaintiff"), by and through the undersigned counsel, and alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and FIFTH THIRD BANK, NATIONAL ASSOCIATION. ("Fifth Third") (collectively "Defendants").

## JURISDICATION AND VENUE

1.    Jurisdiction is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as Plaintiff is a resident here, a substantial part of the events giving rise to the claims occurred here, and Defendants transact business here.

## PARTIES

3.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

4.     Experian is a corporation with its principal place of business in California and whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5.     Trans Union is a corporation with its principal place of business in Illinois and whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

6.     Experian and Trans Union are "consumer reporting agencies," as defined in 15 USC § 1681(f), as they are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

7.     Experian and Trans Union disseminated, disbursed, and/or published consumer reports concerning Plaintiff to third parties under contract for monetary compensation.

8.     Fifth Third is a corporation with its principal place of business in Ohio and whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9.     Fifth Third is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2, because it is an entity who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about transactions or experiences with consumers.

2

10. Fifth Third furnished inaccurate information about transactions or experiences with Plaintiff to Experian and Trans Union.

## FACTUAL ALLEGATIONS

11. Plaintiff is alleged to owe a debt to Fifth Third Bank regarding a credit card with partial account no. 541413x (the "Account").

12. On or about October 31, 2021, Plaintiff used the Account to make a purchase at Macy's in amount of $3,702.02, which Plaintiff paid off after making timely monthly payments.

13. On or about January 5, 2023, Plaintiff visited a Fifth Third branch to pay the Account and was informed he had a balance of $6,100. Upon review of his credit card statement, Plaintiff became aware that the previously paid off amount, $3,702.02, had been added back to his statement by Macy's and described as a "purchase adjustment."

14. On or about March 18, 2023, Plaintiff sent a letter to Fifth Third to dispute the unauthorized purchase adjustment by Macy's and informed them that he had paid the balance in full.

15. On or about April 4, 2023, Plaintiff obtained a copy of his Experian and Trans Union credit reports, and the Account continued to be reported as open with the reported high balance of $10,724.00.

16. In response to the inaccurate reporting, on or about April 13, 2023, Plaintiff mailed a written dispute letter to Experian and Trans Union. In the dispute letter, Plaintiff explained that the Account was reporting an inaccurate

account balance. To confirm his identity, a copy of his driver's license was included. Also, in this letter Plaintiff provided a copy of his Fifth Third statement showing the unauthorized purchase adjustment and images from his credit reports.

17.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (7022 0410 0003 3650 1817) and Trans Union (7022 0410 0003 3650 1824).

18.     Upon information and belief, Experian and Trans Union notified Fifth Third of Plaintiff's dispute. However, Fifth Third failed to conduct a reasonable investigation and merely compared its erroneous data to that which it had already furnished. Fifth Third did not attempt to communicate with Plaintiff during its alleged investigation.

19.     On or about May 5, 2023, Experian responded to Plaintiff's dispute by stating the Account was updated to reflect a recent balance of $10,483.00.

20.     Experian failed to do any independent investigations into Plaintiff's dispute, but rather parroted information it received from the furnisher, Fifth Third. Experian never attempted to contact Plaintiff during the alleged investigation.

21.     On or about May 6, 2023, Trans Union responded to Plaintiff's dispute by stating the Account was updated to reflect a balance of $10,783.00.

22.     Trans Union failed to do any independent investigations into Plaintiff's dispute, but rather parroted information it received from the furnisher,

4

Fifth Third. Trans Union never attempted to contact Plaintiff during the alleged investigation.

23.     Despite Plaintiff providing Experian and Trans Union with all of the relevant information needed to show the Account was inaccurate due to the unauthorized purchase adjustment by Macy's, Experian and Trans Union continued to report the Account inaccurately.

24.     On or about May 16, 2023, in response to the continued inaccurate reporting by Experian and Trans Union, Plaintiff mailed Experian and Trans Union *another* dispute letter. In the dispute letter, Plaintiff reiterated that the Account was inaccurate. To confirm his identity, a copy of his driver's license was included. Also, in this letter, Plaintiff provided a copy of his Fifth Third statement showing the unauthorized purchase adjustment, a copy of his written dispute to Fifth Third, and images from his dispute results.

25.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (7022 3330 0000 8012 1770) and Trans Union (7022 3330 0000 8012 1787).

26.     Upon information and belief, Experian and Trans Union notified Fifth Third of Plaintiff's dispute. Fifth Third failed to conduct a reasonable investigation and again merely compared its erroneous data. Fifth Third did not attempt to communicate with Plaintiff during its alleged investigation.

27.     On or about June 12, 2023, Experian responded to Plaintiff's dispute by stating the Account was updated to reflect a recent balance of $10,738.00.

28.   Experian failed to do any independent investigations into Plaintiff's dispute, but rather parroted information it received from the furnisher, Fifth Third. Experian never attempted to contact Plaintiff during the alleged investigation.

29.   On or about June 14, 2023, Trans Union responded to Plaintiff's dispute by stating the Account was updated to reflect a balance of $10,804.00 with a status of "30 days past due."

30.   Trans Union failed to do any independent investigations into Plaintiff's dispute, but rather parroted information it received from the furnisher, Fifth Third. Trans Union never attempted to contact Plaintiff during the alleged investigation.

31.   Despite Plaintiff's best efforts to have the status of the Account corrected, Experian and Trans Union continued to report the Account with an incorrect balance on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

32.   Experian and Trans Union continue to simply parrot unsound information furnished by Fifth Third and have not conducted a reasonable investigation despite Plaintiff's pleas.

33.   Plaintiff continues to suffer as of the filing of this Complaint due to Experian's and Trans Union's reluctance to conduct a thorough investigation.

34.   As a direct and proximate result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to monies lost in

attempting to correct his credit; loss of time attempting to correct his credit; mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; reduction in credit scores; apprehensiveness to apply for credit due to the errors on his credit reports; and defamation from inaccurate information being published to third-parties.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

35.    Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

36.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff.

37.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

38.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

39.     Experian's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

40.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violations 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

41.     Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

42.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

44.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower

interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

45.     Experian's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

46.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § § 1681n.

WHEREFORE, Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

47.     Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

48.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

49.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

50.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

51.     Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

52.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

53.     Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

54.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

55.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

56.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

57.    Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

58.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally;

award Plaintiff his attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

59.   Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

60.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintained and published concerning Plaintiff.

61.   Upon Information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

62.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

63.   Trans Union's conduct, action and inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § § 1681o.

WHEREFORE, Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

65.     Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

66.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.     Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

68.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

69.     Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

70.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § § 1681n.

WHEREFORE, Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award statutory or actual damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 1681i as to
### Defendant, Trans Union LLC (Negligent)

71.     Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

72.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

73.     Despite the large amount of information and documentation produced by Plaintiff demonstrating inaccurate reporting, Trans Union refused to conduct independent investigations.

74.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower

interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

75.     Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
### Violation of 15 U.S.C § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

77.     Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

78.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

79.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused to conduct independent investigations.

80.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

81.    Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

82.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT IX
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Fifth Third Bank, N.A. (Negligent)

83.    Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

84.     Fifth Third furnished inaccurate information about Plaintiff to Experian and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

85.     After receiving Plaintiff's disputes, Fifth Third violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

86.     Plaintiff provided all the relevant information and documents necessary for Fifth Third to determine that it was furnishing inaccurate information. Fifth Third did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

87.     Instead, Fifth Third knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

88.     As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

89.    Fifth Third's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

90.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Fifth Third in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual damages against Defendant, FIFTH THIRD BANK, N.A., jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Fifth Third Bank, N.A. (Willful)

91.    Plaintiff re-alleges and reincorporates paragraphs 1 through 34 above, as if fully stated herein.

92.    Fifth Third furnished inaccurate information about Plaintiff to Experian and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

93.    After receiving Plaintiff's disputes, Fifth Third violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff;

and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

94.     Plaintiff provided all the relevant information and documents necessary for Fifth Third to determine that it was furnishing inaccurate information. Fifth Third did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

95.     Instead, Fifth Third knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

96.     As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

97.     Fifth Third's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

98.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Fifth Third in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ALPHONZE MOODY, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, FIFTH THIRD BANK, N.A., jointly and severally; award Plaintiff his

reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ALPHONZE MOODY, demands judgment for damages against Defendants, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

Respectfully submitted,

**/s/ _Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ _Christopher Legg_**
Christopher W. Legg, Esq.
Florida Bar #: 0044460
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

The Consumer Lawyers, PLLC
412 E. Madison St., Ste. 916
Tampa, FL 33602

Office: 813-299-8537
Facsimile: 844-951-3933

*Attorneys for Plaintiff*